DAVID A. BODURTHA *vs.* CYRUS PHELON.

In an action brought before a justice of the peace on a note given for the price of a horse, the defendant relied on a breach of warranty, and judgment was given for a portion of the note, from which the plaintiff appealed to the court of common pleas, and the defendant was there defaulted. *Held,* that the former judgment was no bar to an action on the warranty.

ACTION OF TORT for deceitful representations of the soundness of a colt sold by Phelon to Bodurtha for seventy dollars.

The answer denied the representations and the unsoundness , and alleged that Bodurtha had sued the plaintiff before a justice of the peace on the note given for the price of the colt; that upon the trial before said justice Bodurtha appeared and answered orally, and was examined as a witness, and introduced evidence of the unsoundness of the colt, and of Phelon's deceit, to show that the consideration of the note had failed ; that said justice deducted forty dollars for the defects of the colt and breach of warranty, and gave judgment for thirty dollars and costs, from which Phelon appealed to the court of common pleas, and in that court Bodurtha was defaulted ; and that, after the trial of that action before said justice, this action was tried before another justice of the peace, upon the same cause of action which had been set up as a defence to that action, and the same facts were in evidence as at that trial, and judgment was rendered by the justice in this action in favor of Bodurtha for thirty dollars and costs, from which Phelon appealed to the court of common pleas.

The plaintiff filed a replication, alleging that on Bodurtha's default· judgment was rendered against him for the full amount of Phelon's claim, and that the facts in evidence at the two trials before the justices of the peace were different ; and admitting, in substance, the other facts alleged in the answer.

Upon these pleadings the court of common pleas gave judgment for Phelon, and Bodurtha appealed.

*E. B. Gillett & H. Fuller,* for the plaintiff.

*M B. Whitney,* for the defendant.

35 *

METCALF, J.   The plaintiff could not maintain this action, if the judgment recovered against him on his note given to the defendant for the price of the colt were now in force.   He would have received, in the deduction of forty dollars from the amount of that note, his damages for the deception practised on him by the defendant in the sale of the colt, and have been thereby barred from any further remedy for that deception.   *Burnett* v. *Smith*, 4 Gray, 50.   But that judgment was vacated by the defendant's appeal therefrom to the court of common pleas ; and upon the entry of that appeal in that court, the present plaintiff withdrew his defence and was defaulted.   Thereupon judgment was rendered against him for the full amount of the note, and he was left at liberty to prosecute this action.   1 Chit. Pl. (6th Amer. ed.) 243.

As the court of common pleas entered judgment in this case for the defendant, that judgment is reversed and the case is to be sent to the superior court for trial.